UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROCHIP TECHNOLOGY, INC. and SILICON STORAGE TECHNOLOGY, INC., <br><br>Plaintiffs, <br><br>v. <br><br>UNITED MODULE CORP., and KERANOS, LLC, <br><br>Defendants. | Related Cases: <br><br>CASE NO.: CV-10-04241-LHK <br><br>CASE NO.: CV-10-05196-LHK <br><br>CASE NO.: CV-10-05290-LHK <br><br>CASE NO.: CV-11-00430-LHK |
| FREESCALE SEMICONDUCOR, INC., NATIONAL SEMICONDUCTOR CORP., and ANALOG DEVICES, INC. <br><br>Plaintiffs, <br><br>v. <br><br>UNITED MODULE CORP., and KERANOS, LLC, <br><br>Defendants. | **ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER CASES TO EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD., TSMC NORTH AMERICA, and UBICOM, INC., | |
| Plaintiffs, | |
| v. | |
| UNITED MODULE CORP., and KERANOS, LLC, | |
| Defendants. | |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG SEMICONDUCTOR, INC., | |
| Plaintiffs, | |
| v. | |
| UNITED MODULE CORP., and KERANOS, LLC, | |
| Defendants. | |

In these related actions, Plaintiffs seek a declaration of non-infringement and invalidity as to three now-expired patents owned by or exclusively licensed to Defendants: U.S. Patent No. 4,795,719 (the '719 Patent); U.S. Patent No. 4,868,629 (the '629 Patent); and U.S. Patent No. 5,042,009 (the '009 Patent). Defendants United Module Corp. and Keranos LLC move to dismiss, transfer, or stay the cases based on the first-to-file rule. Defendants are Plaintiffs in an earlier filed action in the Eastern District of Texas pending before the Honorable T. John Ward. The Court held a hearing on these motions on March 3, 2011. Pursuant to the parties' request, the Court stayed these cases through June 8, 2011 to provide the parties an opportunity to try to resolve the cases through mediation. The parties participated in a court-appointed mediation on June 6, 2011,

2
Case No.: 10-CV-04241, 10-CV-5290, 10-CV-5196
ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER

but the parties did not settle the cases. As of June 9, 2011, the case is no longer stayed.[1] For the reasons set forth below, the Court GRANTS the motions to transfer based on the first-to-file rule.

## I. BACKGROUND

Plaintiffs Microchip Technology, Inc., and Silicon Storage Technology, Inc., filed this declaratory judgment action on September 20, 2010. *See* Compl. [dkt. #1] in Case No. 10-CV-4241-LHK. Three additional cases followed. On November 16, 2010, Plaintiffs Freescale Semiconductor, Inc., National Semiconductor Corp., and Analog Devices, Inc., filed their own declaratory judgment action. *See* Compl. [dkt. #1] in Case No. 10-CV-5196-LHK. On November 22, 2010, Plaintiffs Taiwan Semiconductor Manufacturing Co., Ltd., TSMC North America, and UBICOM, Inc., filed a declaratory judgment action. *See* Compl. [dkt. #1] in Case No. 10-CV-5290-LHK. Finally, on January 28, 2011, Plaintiffs Samsung Electronics Co., Ltd., and Samsung Semiconductor Inc. filed a declaratory judgment action. *See* Compl. [dkt. #1] in Case No. 11-CV-0430-LHK. The Court found these cases related pursuant to the District's Civil Local Rules. Hereafter, Plaintiffs will be referred to as "DJ Plaintiffs."

The Defendants in each of the cases are United Module Corp. (UMC) and Keranos (collectively "DJ Defendants"). UMC is the owner of the three now-expired patents. According to DJ Plaintiffs, the '719 and '629 patents expired in 2006, while the '009 patent expired in 2008. UMC is headquartered in Los Altos, California. According to patent assignment records, a Fremont, California company named "Waferscale Integration Inc." assigned UMC the patents-in-suit on June 29, 2000. *See* Tatelman Decl., Exh. 26. Keranos was formed as a Texas Limited Liability Company on February 10, 2010. *See* Tatelman Decl, Exh. 15 ("Certificate of

---

[1] The parties' request for an extension of the stay pending resolution of jurisdictional and scheduling issues in the earlier-filed action in Texas is denied. The Court was prepared to rule on the pending motions after the March 3, 2011 hearing, but only stayed these cases at the parties' request to give the parties an opportunity to resolve their disputes via mediation. As the parties' efforts at mediation were unsuccessful, the Court will not delay resolution of these motions any further.

3
Case No.: 10-CV-04241, 10-CV-5290, 10-CV-5196
ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER

Formation"). The street address of Keranos is 211 E. 7th Street, Suite 620, Austin, Texas 78701-3128. According to its Certificate of Formation, Keranos has a sole member, J. Nicholas Gross, whose address is located in Berkeley, California. According to the DJ Defendants, although UMC is the legal owner of the patents at issue, shortly after Keranos was formed, UMC "completely transferred to Keranos its rights to sue" under an Exclusive License Agreement. *See* Defs.' Reply at 7.[2]

On June 23, 2010, Keranos filed a patent infringement action in the Eastern District of Texas. That action is captioned "Keranos LLC v. Analog Devices, Inc., et al., Civil Action No. 2:10-cv-207" ("Texas Case"), and involves claims of infringement with respect to the same three patents at issue in this action. The claims of patent infringement relate to, among other devices, "integrated circuits using embedded flash memory in discrete form, wafer form, or incorporated within larger systems on printed circuit boards." *See* Compl. ¶ 12. Each of the DJ Plaintiffs here, except for Silicon Storage Technology (SST), is a Defendant in the Texas case. SST is a wholly owned subsidiary of DJ Plaintiff Microchip Technology, Inc. *Id.* at ¶ 2 ("On April 8, 2010, Plaintiff SST became a wholly-owned subsidiary of Plaintiff Microchip.") Besides the DJ Plaintiffs, the Texas case also includes some two-dozen other Defendants, including Qualcomm, Inc., Intel Corp., IBM Corp., and Apple, Inc. According to DJ Defendants (and the Court's review of the docket in the Texas Case), defendants in the Texas Case have filed more than twenty motions to dismiss for lack of standing and/or for judgment on the pleadings (specifically raising the issue of whether UMC is a "necessary and indispensable party"). Those motions are fully briefed, and under submission before Judge Ward.

---

[2] The specific terms of that Exclusive License Agreement are confidential. The Court is merely citing information available in the redacted public version of Keranos' Reply Brief.

4
Case No.: 10-CV-04241, 10-CV-5290, 10-CV-5196
ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER

## II. ANALYSIS

DJ Defendants have moved to dismiss on two grounds: subject matter jurisdiction and the first to file rule. DJ Plaintiffs oppose dismissal on both grounds. The Court exercises its discretion to decline to rule on UMC's jurisdictional argument, and instead finds transfer proper based on the first-to-file rule.

### A. UMC's Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Supreme Court has ruled that a district court "may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007). The Supreme Court went on to state that a "federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Id*. at 431. The Supreme Court's conclusion in *Sinochem* is equally applicable in the context of motions to transfer, which are not decisions on the merits. See *San Francisco Tech., Inc. v. Glad Prods. Co.*, 2010 U.S. Dist. LEXIS 83681, *19 (N.D. Cal. July 19, 2010).

UMC argues that the Court lacks subject matter jurisdiction over it. Specifically, UMC argues that there is no actual case or controversy between UMC and DJ Plaintiffs because UMC, as the patent owner, completely transferred to Keranos UMC's rights to sue for patent infringement. Thus, UMC contends any litigation threat to DJ Plaintiffs is from Keranos and not from UMC.

Because the Court has determined that transfer is appropriate based on the earlier filed Texas Case, it does not reach UMC's argument for dismissal based on a lack of an actual case or controversy, and thus a lack of subject matter jurisdiction.[3] A decision by this Court that there is,

---

[3] The Court notes that UMC has expressly represented to this Court that UMC is "amenable to personal jurisdiction" in the Texas Case if the Texas Court decides UMC is a "necessary and indispensable party." *See* Defs.' Reply at 8. In any event, as with subject matter jurisdiction, the Texas Court is the proper forum to address personal jurisdiction-related arguments. *See Sinochem*, 549 U.S. at 425 ("a court need not resolve whether it has authority to adjudicate the cause (subject-

5

Case No.: 10-CV-04241, 10-CV-5290, 10-CV-5196
ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER

or is not, an actual case or controversy between UMC and DJ Plaintiffs is inappropriate given the fully briefed motions in the Texas Court on the related issue of whether UMC, as the patent owner, is a necessary and indispensable party in the Texas Case. The issue of UMC's status should be addressed to the Texas Court.

### B. DJ Defendants' Motion to Dismiss on Basis of First-to-File Rule

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). As another Judge in this District has noted, the "rule promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims. Accordingly, 'it should not be disregarded lightly.'" *See Meru Networks, Inc. v. Extricom, Ltd.*, 2010 U.S. Dist. LEXIS 90212, *2-3 (N.D. Cal. Aug. 31, 2010) (Whyte, J.) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). The first-to-file rule, however, is not inflexible, as the Ninth Circuit has recognized limited exceptions under various circumstances such as bad faith, anticipatory suit, and forum shopping. *See Alltrade*, 946 F.2d at 628. The Federal Circuit has determined that the first-to-file rule applies to patent cases. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993).

#### 1. Threshold Factors

The application of the first-to-file rule requires consideration of three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Alltrade*, 946 F.2d at 625; *see also Meru Networks*, 2010 U.S. Dist. LEXIS 90212, *3. DJ Plaintiffs do not challenge the first and third factors. And, it is clear that those factors are satisfied here. The Texas Case, filed on June 23, 2010, was filed three months before the first

---

matter jurisdiction) or *personal jurisdiction* over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case") (emphasis added).

6

Case No.: 10-CV-04241, 10-CV-5290, 10-CV-5196
ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER

action was filed in this Court, on September 20, 2010. Moreover, the two actions involve mirror image issues. In the Texas Case, Keranos alleges patent infringement with respect to the '719, '629, and '009 patents. In this action, DJ Plaintiffs seek a declaratory judgment of non-infringement and invalidity with respect to the same three patents.

DJ Plaintiffs argue, however, that the first-to-file rule should not apply because two parties in this action, namely DJ Plaintiff SST and DJ Defendant UMC, are not parties in the Texas Case. *See* Pls.' Combined Response to Defs.' Mot. to Dismiss at 18-19 [dkt. #35]. The Court is not persuaded.

The similar parties' requirement does not require "exact identity," but instead is satisfied if the parties are substantially similar. *See, e.g.*, *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) (stating that "exact identity is not required to satisfy the first-to-file rule"); *see also Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093 (N.D. Cal. 2006) (ruling that the "'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'"). It is clear that the parties in this action and in the Texas Case are substantially similar, although the Texas Case includes far more entities that have been accused of patent infringement. Although SST is not yet a party in the Texas Case, it is, in fact, a wholly owned subsidiary of Microchip Technology, Inc., and presumably, may be added to the Texas Case. Judicial economy, however, is better served by leaving the joinder issue to the determination of the Texas Court. *See British Telecommunications plc v. McDonnell Douglas Corp.,* 1993 U.S. Dist. LEXIS 6345, *12-14 (N.D. Cal. May 3, 1993) (although one party was not identical to both actions, applying first-to-file rule and leaving joinder decision to court in first-filed case).

DJ Plaintiffs also note that UMC is not yet a party in the Texas Case. This argument is somewhat misleading because DJ Plaintiffs (defendants in the Texas Case) have filed numerous

7
Case No.: 10-CV-04241, 10-CV-5290, 10-CV-5196
ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER

1 motions arguing that UMC, as the patent owner, is a necessary and indispensable party in the Texas Case. These motions, as previously noted, are under submission. If Judge Ward grants the motions, UMC will likely be added as a party to the Texas Case. In any event, the decision with respect to UMC's role in the Texas Case, if any, is within the sound discretion of the Texas Court.

Finally, DJ Plaintiffs argue that an unpublished decision of the Federal Circuit and a recent opinion by this Court support their argument against application of the first-to-file rule. Neither point is well-taken. Noting the "ample degree of discretion" in transfer rulings, the Federal Circuit denied a writ of mandamus where a court in a second-filed action determined that transfer was not warranted under the first-to-file rule. *See In re Transaction Sys. Architects, Inc.,* 2000 U.S. App. LEXIS 5103, *3-6 (Fed. Cir. Feb. 25, 2000). In that case, however, the district court found that the two cases were "completely different," and involved different parties, different products, and different claims. *Id*. at *3. Here, the parties are substantially the same and the issues, involving the same three patents in both actions, are identical.

In a recent opinion, this Court found that the threshold factors of the first-to-file rule were not met where the actions did not involve the same parties and the same subject matter issues. *See Aliphcom v. Wi-LAN, Inc.*, 2010 U.S. Dist. LEXIS 123295 (N.D. Cal. Nov. 10, 2010), *writ of mandamus denied by In re Aliphcom*, 2011 U.S. App. LEXIS 2604 (Fed. Cir. Feb. 9, 2011). *Aliphcom*, however, is distinguishable from the instant action on at least three grounds. First, and most important, the Court found an exception to the first-to-file rule in *Aliphcom* because one of the patents at issue was already the subject of claim construction in the later-filed case. *Id*. at *7. Here, however, the three patents in issue have not been the subject of a claim construction. Thus, there is no "sound reason" to depart from the first-to-file rule, especially where, as in *Aliphcom*, considerations of judicial efficiency and avoidance of inconsistent judgments call for transfer.

8
Case No.: 10-CV-04241, 10-CV-5290, 10-CV-5196
ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER

Second, in *Aliphcom*, the declaratory judgment plaintiff in the later-filed California action had no connection with any of the parties in the earlier-filed Texas action. *Id*. at \*6 ("However, Wi-LAN has cited no case applying the first-to-file rule where the original defendant in the first-filed suit had no relationship at all to the plaintiff bringing the later-filed suit."). Here, the parties are substantially the same, except that SST and UMC are not parties to the Texas Case but are parties in the cases before this Court. However, both SST and UMC have a close connection to the Texas Case. SST is a wholly owned-subsidiary of Microchip Technology, Inc., which is a defendant in the Texas Case. Similarly, whether UMC, as the patent owner, is a necessary and indispensable party in the Texas Case is at issue in fully briefed motions before the Texas Court.

And third, in *Aliphcom*, plaintiffs in the earlier-filed Texas action did not assert infringement of a particular patent, and only tried to add infringement claims with respect to that patent *after* the later California action was filed. *Id*. at \*4. Thus, the Court found that the California action was really the first-filed case. In this action, there is no dispute that the Texas Case is the first-filed since DJ Plaintiffs seek declaratory relief with respect to the same three patents at issue in the Texas Case.

In sum, the Court finds the threshold factors for application of the first-to-file rule satisfied.

### 2. Potential Exceptions to First-to-File Rule

DJ Plaintiffs argue that, even if the threshold factors are satisfied, the Court should, in its discretion, decline to apply the first-to-file rule based on a "customer-suit" and/or "forum shopping" exception. *See* Pls.' Combined Response to Defs.' Mot. to Dismiss at 19-22. For the reasons specified below, the Court finds that neither exception is a "sound reason" to depart from the first-to-file rule. *See Genentech*, 998 F.2d at 938 (requiring deference to the first-filed action unless there is "sound reason that would make it unjust or inefficient to continue the first-filed action").

Case No.: 10-CV-04241, 10-CV-5290, 10-CV-5196
ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER

### a. Customer-Suit Exception

"The customer suit exception is an exception to the general rule that favors the forum of the first-filed action." *See Tegic Communs. Corp. v. Bd. of Regents*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). More specifically, the customer suit exception involves the scenario in which "[t]he first is the 'customer action', where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods." *See Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). In evaluating the customer-suit exception, "the primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other." *See Katz v. Siegler*, 909 F.2d 1459, 1463 (Fed. Cir. 1990). DJ Plaintiffs argue that this action should take precedence over the Texas Case because SST is a manufacturer of the technology accused of infringing the patents, and that, in the Texas Case, Keranos has "accused several of SST's customers of infringing the patents-in-suit" but not SST itself. *See* Pls.' Combined Response to Defs.' Mot. to Dismiss at 19.

The Federal Circuit has made clear that the "guiding principles" of the customer-suit exception are efficiency and judicial economy. *See Tegic*, 458 F.3d at 1343. DJ Plaintiffs do not suggest that SST is the only manufacturer of the relevant technology. Thus, resolution of this action would not "resolve all charges against customers" in the first-filed action. *See Kahn*, 889 F.2d at 1081. In addition, complete relief is more difficult in this case, at least at this time, because numerous defendants in the Texas Case are not before this Court. In these circumstances, the guiding principles of efficiency and judicial economy support application of the first-to-file rule.

### b. Forum Shopping Exception

Another potential exception to the first-to-file rule is bad faith forum shopping. *See Alltrade*, 946 F.2d at 628. In this action, DJ Plaintiffs argue that "the lawsuit in Eastern Texas has little, if any, connection to the factual circumstances of Keranos' suit, and is merely an attempt to

10

manipulate the venue laws." *See* Pls.' Combined Response to Defs.' Mot. to Dismiss at 21. Specifically, DJ Plaintiffs point to: (1) UMC's Los Altos, California headquarters; (2) the formation of Keranos as a Texas limited liability company in February 2010, four months before the Texas Case was filed; and (3) shortly after Keranos' formation, UMC's transfer of its right to sue for infringement to Keranos via an Exclusive License Agreement. *Id*. DJ Defendants' only response is that Keranos rents office space at a building in Longview, Texas (though acknowledges "it does not have any employees yet"), and that Keranos is not an "ephemeral entity" merely controlled by UMC. *See* Pls.' Reply at 9-10. At the March 3, 2011 hearing, counsel for DJ Defendants confirmed that Keranos still had no employees in Texas, and stated his belief that the Texas office only has "some boxes and documents and things like that" related to the Texas litigation. *See* Transcript of March 3, 2011 Hearing, p.12 [dkt. #70].

DJ Plaintiffs raise troubling issues not fully answered by DJ Defendants' response that Keranos rents office space for some litigation boxes and is "in the process of hiring someone." These issues, however, are more appropriately raised in a motion to transfer venue in the Texas Court. Moreover, continuing this action on a parallel track as the Texas Case, whereby both this Court and the Texas Court would have to construe the claims and issue decisions regarding infringement and invalidity of the same three patents, "would unavoidably result in unnecessary duplication of judicial efforts, with a resulting risk of inconsistent results as the actions progress in each Court." *See Aliphcom*, 2010 U.S. Dist. LEXIS 123295, *7. In conclusion, "the risk of inconsistent judgments and waste of judicial resources must outweigh the equitable concern" of the parties' limited connections to Texas. *Id*. at *8.

### 3. Balance of Convenience Factors

Similar to their claims regarding forum shopping, DJ Plaintiffs argue that any analysis of

the relevant convenience factors under 28 U.S.C. § 1404(a) results in a conclusion that "this patent dispute plainly belongs here in the Northern District of California, not Texas." *See* Pls.' Combined Response to Defs.' Mot. to Dismiss at 12. For example, DJ Plaintiffs point out that, aside from Keranos, no party in either action is headquartered in Texas, while certain entities, including UMC and SST, are either headquartered or have principal places of business in the Northern District of California. *Id*. at 14. Moreover, DJ Plaintiffs continue, a substantial number of witnesses are located in this judicial district. *Id*.

These are all good convenience arguments, but are ultimately addressed to the wrong audience. "The Ninth Circuit has held that normally, this convenience argument should be addressed to the court in the first-filed action, not the court in the later-filed action." *See Meru Networks*, 2010 U.S. Dist. LEXIS 90212, *5 (citing *Alltrade*, 946 F.3d at 628); *see also Genentech*, 2010 U.S. Dist. LEXIS 126773, *7 ("Under the procedural law of the Ninth Circuit, 'normally [this issue] should be addressed to the court in the first-filed action"). In fact, a court in an earlier filed-action should consider all relevant convenience factors in its analysis of the appropriate forum on a motion to transfer. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (directing transfer from the Eastern District of Texas to the Northern District of California where "the convenience of the parties and witnesses, the sources of proof, the local interest, and the compulsory process factors all significantly favor transfer."); *see also Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008) (directing court in first-filed action to consider convenience factors as "[e]ventually, robust consideration of these factors will reduce the incentives for a race to the courthouse because both parties will realize that the case will be heard or transferred to the most convenient or suitable forum."). Accordingly, convenience arguments should be addressed to the court in the first-filed action.

12
Case No.: 10-CV-04241, 10-CV-5290, 10-CV-5196
ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES the parties' request to continue the stay and GRANTS Defendants' motions to transfer the related cases in this District to the Eastern District of Texas for consolidation with the first-filed Texas Case.  This Order applies to Case Numbers: 10-CV-4241-LHK, 10-CV-5196-LHK, 10-CV-5290-LHK, and 11-CV-0430-LHK.  This Order is without prejudice to any motion to transfer based on convenience made in the Texas Court.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  June 9, 2011

LUCY H. KOH
United States District Judge